**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Donnell Arthur ANDERS, Defendant-Appellant.**

No. 73–2142

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 30, 1973.

Rehearing Denied Nov. 29, 1973.

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

David Band, Jr., New Orleans, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Mary W. Cazalas, U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

Anders appeals from a judgment of conviction for having unlawfully distributed 4.045 grams of heroin in violation of 21 U.S.C. § 841(a)(1). He contends on appeal that he was entrapped by Government agents and that he was denied a speedy trial. There is no merit to either contention. We affirm.

█ █ The defense of entrapment is warranted "when the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute." Sorrells v. United States, 287 U.S. 435, 442, 53 S.Ct. 210, 212–213, 77 L.Ed. 413 (1932); Sherman v. United States, 356 U.S. 369, 372, 78 S.Ct. 819, 821, 2 L.Ed.2d 848 (1958); United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973). The evidence shows that the criminal design in this case originated with appellant. He was known by the Bureau of Narcotics and Dangerous Drugs agents to be a heroin dealer. The opportunity to apprehend appellant in the commission of a crime was made possible through a telephone call by an informer to a Government agent. Arrangements were then made through the informer, with the aid of an unsuspecting codefendant of appellant, for the agent to purchase the heroin. Appellant was clearly predisposed to commit the crime. The only reluctance on his part to negotiate was the price offered, and this reluctance was short-lived. The entire transaction, beginning with the telephone call and culminating in a direct sale by appellant to the Government agent, covered a span of approximately two hours.

█ Appellant's contention that he was denied a speedy trial is based on an alleged delay of eleven months between the time of the commission of the offense and the date of indictment. In the absence of a showing of actual prejudice resulting from pre-accusation delay, such a contention is unavailing.

*See* United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); United States v. Judice, 5 Cir., 1973, 457 F.2d 414, on petition for rehearing and petition for rehearing en banc. We find no delay-caused prejudice here.

Affirmed.